653 So.2d 839 (1995)
Remy R. ORDOYNE
v.
Sue Copeland ORDOYNE.
No. 94 CA 1766.
Court of Appeal of Louisiana, First Circuit.
April 7, 1995.
Writ Denied June 23, 1995.
*840 Randal B. Tannehill, Baton Rouge, for plaintiff-appellee.
David W. Arceneaux, Houma, for defendant-appellant.
Before WATKINS and FOGG, JJ., and TANNER,[1] J. Pro Tem.
WATKINS, Judge.
The sole issue in this appeal is whether Mrs. Ordoyne, by way of a voluntary community property settlement, disposed of her rights to survivor benefits in her former husband's pension plan. The appellant, Sue Copeland Ordoyne, and appellee, Remy R. Ordoyne, were married on November 29, 1980. On July 14, 1989, they filed a joint petition for approval of a matrimonial regime of separate property. The court approved the petition and the parties thereafter entered into a voluntary community property settlement which contained the following pertinent language:
SUE COPELAND ORDOYNE, declares that for and in consideration of the property hereinafter received by her, the receipt and sufficiency of which is hereby acknowledged, she has and does by these presents transfer, convey, sell, cede, and deliver to and unto REMY R. ORDOYNE, the following described property, to-wit:

ALL OF [HER][2]RIGHT, TITLE AND INTEREST (BEING AN UNDIVIDED ONE-HALF (½) INTEREST IN AND TO:

. . . .
10. One (1) Retirement Program held in the name of Remy R. Ordoyne in the Louisiana Teachers Retirement Association, Account Number: XXX-XX-XXXX.
The parties were divorced by judgment dated May 22, 1990.
During the marriage, Mr. Ordoyne retired from his employment and opted to receive reduced retirement benefits in order to preserve survivorship benefits for Mrs. Ordoyne, the named beneficiary. At the time Mr. Ordoyne made his selection, LSA-R.S. 17:641 provided that the selection must be made before payment of the first benefit check with no mechanism to change the designation thereafter.[3] In 1991, Act 74 of the Louisiana legislature redesignated LSA-R.S. 17:641 as LSA-R.S. 11:783 (Acts 404, 529 and 726) and added a provision allowing a retiree to revoke his previous benefit selection of reduced *841 benefits and begin receiving the maximum retirement benefit if:
[T]he retiree's spouse was designated as the beneficiary, and a judgment of divorce is rendered with respect to the retiree and the spouse, and, in connection therewith, the spouse, irrevocably, by court order, relinquishes the spouse's survivorship rights under the option originally selected by the retiree....
LSA-R.S. 11:783(D).
Mr. Ordoyne filed a rule to show cause on April 20, 1992, requesting that Mrs. Ordoyne be required to sign the necessary documents in order to relinquish her rights to the survivor benefits. Mr. Ordoyne claimed that Mrs. Ordoyne had previously given up all her rights to his retirement account in the community property settlement and that Mrs. Ordoyne had refused to sign the necessary documents in order for him to change his retirement benefits. After a hearing the trial court signed a judgment ordering Mrs. Ordoyne "to execute any documents necessary in order to allow REMY R. ORDOYNE to effectuate the intention of the partition by transferring all of SUE COPELAND ORDOYNE'S interest in REMY R. ORDOYNE'S retirement to REMY R. ORDOYNE."
Mrs. Ordoyne appealed the judgment alleging that the trial court erred in finding that she irrevocably relinquished her survivorship rights by court order in connection with the divorce. Mrs. Ordoyne contends that because the voluntary partition of community property was executed while she and her husband were living separate and apart but before any suit for divorce was filed, the partition was not executed in connection with a divorce.
The record shows that the community property settlement was approved by judgment dated July 14, 1989, and the parties were divorced by judgment dated May 22, 1990. Even if we agree with Mrs. Ordoyne, that the voluntary community property settlement between her and Mr. Ordoyne was not executed by court order in connection with her divorce, we do not believe that this fact prohibits a subsequent court order interpreting the effect of her voluntary community property settlement. Mrs. Ordoyne voluntarily gave up all her right, title and interest in her husband's retirement account. Whether this relinquishment was accomplished in connection with the divorce proceeding is of no moment because the parties are now divorced. The only substantive issue at this point is whether the divestiture of her rights in Mr. Ordoyne's retirement plan included her right to survivor benefits.
On this issue Mrs. Ordoyne argues that her right to survivor benefits does not stem from any community property interest in the retirement plan, but rather, stems from her husband's designation of her as the beneficiary based on her status as his spouse. Mrs. Ordoyne does not cite any authority for this proposition.
The jurisprudence has consistently held that a spouse's right to receive an annuity, lump-sum benefit, or other benefit payable by a retirement plan is, to the extent attributable to the spouse's employment during the community, an asset of the community. Sims v. Sims, 358 So.2d 919 (La.1978); Johnson v. Johnson, 532 So.2d 503 (La.App. 1st Cir.1988). Therefore, we believe that any survivor benefits payable by Mr. Ordoyne's retirement plan, to the extent attributable to his employment during the community, are an asset of the community. See Herrington v. Skinner, 93-1556 (La.App. 3d Cir. 6/1/94), 640 So.2d 748; Chiappetta v. Vallot, 596 So.2d 849 (La.App. 4th Cir.) writ denied, 606 So.2d 522 (La.1992). Furthermore, the divestiture of all right, title and interest in the retirement plan necessarily includes divestiture of the survivor benefits, which are an inextricable part of the retirement plan.
In the absence of bad faith, error or fraud, we find that the community property partition entered into by Mr. and Mrs. Ordoyne is a binding transaction and compromise as provided for in LSA-C.C. art. 3071. See Walton v. Walton, 597 So.2d 479 (La.App. 1st Cir.1992). As such it is favored by law and will not be declared void without a clear showing that it violates good morals or public interests. Id.
*842 For the reasons stated, the judgment of the trial court is affirmed. Costs are assessed to the appellant, Mrs. Ordoyne.
AFFIRMED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Although the original document states "HIS" the parties stipulated that they intended for it to read "HER".
[3] LSA-R.S. 17:641 provided in pertinent part:

With the provision that no optional selection shall be effective in case a retiree dies within thirty days after retirement, and that such a retiree shall be considered as an active member at the time of death, until the first payment on account of any benefit becomes normally due, any member may elect to receive his benefit in a retirement allowance payable throughout life, or he may elect to receive the actuarial equivalent at that time of his retirement allowance in a reduced retirement allowance payable throughout life with the provisions that:
Option 2. Upon his death, his reduced retirement allowance shall be continued throughout the life of and paid to any person he shall designate in a written instrument acknowledged and filed with the board of trustees at the time of his retirement; or
Option 3. Upon his death, one-half of his reduced retirement allowance shall be continued throughout the life of and paid to any person he shall designate in a written instrument acknowledged and filed with the board of trustees at the time of his retirement; or....