|2FOGG, Judge.
By this action, an ex-wife seeks to have her community interest in her ex-husband’s Teacher’s Retirement System of Louisiana benefits recognized. At the time of her demand, her ex-husband was deceased and his second wife was collecting survivor benefits from the retirement plan. The trial judge rendered summary judgment, dismissing the plaintiffs action. For the following reasons, we reverse and remand.
The following facts are undisputed. Doris P. Johnson and Albert Wetherspoon were married on March 23, 1957. The couple shared a community property regime. Two children were born of the marriage, Vanetia Karyl Wetherspoon, now, Jones, and Wendell Albert Wetherspoon. The plaintiff and Mr. Wetherspoon were separated on November 12,1966; the petition for separation was filed November 15, 1966. The judgment of separation was rendered on January 6, 1967, terminating the community that existed between them retroactively to November 15, 1966. Subsequently, the plaintiff and Mr. Wetherspoon were divorced.
Mr. Wetherspoon became a member of the Teacher’s Retirement System of Louisiana (TRSLA) on August 28, 1958. He was an active member of TRSLA for the remainder of his life.
Charlie Mae Wetherspoon and Albert Wetherspoon were married on December 21, 1974. They remained married and living in a community property regime until the time of Mr. Wetherspoon’s death on September 14, 1984. At the time of his death, Mr. Wether-spoon was a mathematics teacher at Glasgow Middle School and an active member of TRSLA. Upon Mr. Wetherspoon’s death, defendant applied for and, on or about October 1,1984, began receiving survivor benefits from TRSLA pursuant to LSA-R.S. 11:762D.
*592 On April 8, 1994, the plaintiff filed the instant action, seeking a determination of her interests as the former spouse in community in any retirement, deferred compensation or other employee benefits resulting from contributions made by Mr. Wetherspoon to TRSLA during the existence of the first community.
Both the plaintiff and Charlie Mae Weth-erspoon filed motions | gfor summary judgment. The trial court rendered judgment in favor of Charlie Mae Wetherspoon, finding that the surviving spouse benefits received by her from the TRSLA pursuant to LSA-R.S. 11:762D were hers, and hers alone; and that the plaintiff had no right to any portion of any such payments, past, present, or future because they do not constitute community property. The trial court denied the plaintiffs motion for summary judgment. The plaintiff appeals this judgment, contending solely that the trial court erred in granting summary judgment in favor of Charlie Mae Wetherspoon.
A summary judgment may be granted only if it is shown that “there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966B. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115 (La. App. 2nd Cir.), writ denied, 587 So.2d 695 (La.1991). However, summary judgment is a drastic remedy that must be used cautiously and must not be used as a means of circumventing a trial on the merits. DeStevens v. Harsco Corp., 94-1183 (La.App. 4th Cir. 3/16/95), 652 So.2d 1054. A fact is material if its existence is essential to the plaintiffs cause of action under the applicable theory of recovery and without which he could not prevail. Dunn v. Potomac Ins. Co. of Illinois, 94-2202 (La.App. 1st Cir. 6/23/95), 657 So.2d 660. Material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577 (La.1989).
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is a summary judgment warranted. Dunn, 657 So.2d at 662. To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that any real doubt as to the existence of a genuine issue of material fact has been excluded. Industrial Sand & 14Abrasives, Inc. v. Louisville & Nashville R.R. Co., 427 So.2d 1152 (La.1983). In making this determination, the mover’s supporting documents must be closely scrutinized and the non-mover’s indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The court must view inferences to be drawn from the underlying facts in the light most favorable to the non-moving party. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Summary judgment should be used sparingly and any reasonable doubt should be resolved against mover in favor of a full trial. Penalber, 550 So.2d at 583. It is the applicable substantive law that determines materiality; whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Duncan v. Balcor Property Management, 615 So.2d 985 (La.App. 1st Cir.), writ denied, 617 So.2d 936 (La.1993).
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180; Travelers Ins. Co. v. Joseph, 94-0049 (La.App. 1st Cir. 12/22/94), 649 So.2d 53, affirmed in part, reversed in part, 95-0200 (La. 6/30/95), 656 So.2d 1000.
Charlie Mae Wetherspoon contends the benefits she is receiving are those of a surviving spouse pursuant to LSA-R.S. 11:762D, which section precludes recovery by the plaintiff. Further, she asserts that the benefit is not a retirement benefit, but rather, a survivor benefit which is intended to benefit a particular class of survivors of members of TRSLA and, therefore, is not considered a *593 retirement benefit to a member. Finally, she analogizes survivor benefits to life insurance proceeds.[1]
It is well established that a spouse’s right to receive a Rbenefít payable by a retirement plan is, to the extent attributable to the spouse’s employment during the community, an asset of the community. Sims v. Sims, 358 So.2d 919 (La.1978); Ordoyne v. Ordoyne, 94-1766 (La.App. 1st Cir. 4/7/95), 653 So.2d 839, writ denied, 95-1170 (La. 6/23/95), 656 So.2d 1018. Therefore, when the community is terminated, the employee’s spouse is entitled to be recognized as the owner of one-half of the value attributable to the pension earned during the existence of the community. Frazier v. Harper, 600 So.2d 59 (La.1992). Any survivor benefits payable by the employee’s retirement plan, to the extent attributable to his employment during the community, are an asset of the community. The divestiture of all right, title and interest in the retirement plan necessarily includes divestiture of the survivor benefits, which are an inextricable part of the retirement plan. Ordoyne, 653 So.2d at 841.
Although the employee has the right to alienate or encumber his share of the pension rights held in indivisión, the consent of the other co-owner is required for the alienation or encumbrance of the entire thing held in indivisión. Frazier, 600 So.2d at 62. In the instant ease, TRSLA allowed Mr. Wetherspoon to name a beneficiary. Although the beneficiary received the full ownership of the proceeds, she did so with the obligation to account to any complaining forced heir or spouse in community if her receipt of the proceeds violated either the forced heir’s legitime or the spouse’s community ownership rights. Therefore, when the surviving spouse was recognized as the beneficiary of the plan, she is accountable to the claims of the decedent’s first wife and his forced heirs. Succession of Netterville, 579 So.2d 1046 (La.App. 4th Cir.) writ denied, 587 So.2d 695 (La.1991).
Accordingly, we find that the plaintiff does have a community interest in Mr. Wetherspoon’s TRSLA benefits. As the beneficiary, Charlie Mae Wetherspoon accepted the right to receive benefits subject to the rights of the plaintiff. Therefore, the granting of summary judgment in favor of Charlie Mae Wetherspoon was improper. Furthermore, genuine issues of material fact exist as to how the | (¡plaintiffs rights must now be apportioned.
For the foregoing reasons, the judgment of the trial court is reversed to the extent that it grants summary judgment in favor of Charlie Mae Wetherspoon. The judgment is vacated to the extent it declares that all payments made by TRSLA pursuant to LSA-R.S. 11:762D are the sole property of Charlie Mae Wetherspoon, and declares that Doris P. Johnson has no right to any portion of any such payments, past, present, or future as they do not constitute community property. This case is remanded for further proceedings. The costs of this appeal are assessed against the appellee, Charlie Mae Wetherspoon. Each party is to pay their own costs incurred in the trial court on their motions for summary judgment.
REVERSED IN PART; VACATED IN PART; AND REMANDED.

. The Louisiana Supreme Court addressed the issue of whether or not retirement benefits can be analogized to life insurance in T.L. James v. Montgomery, 332 So.2d 834 (La.1976), and held that the Court was unwilling to extend by analogy the principles applicable to the purchase of life insurance policies to the acquisition of community interests in retirement systems.