672 So.2d 415 (1996)
Carolyn L. BONFANTI
v.
Mary C. PERCY.
No. 95 CA 1189.
Court of Appeal of Louisiana, First Circuit.
April 6, 1996.
*416 Frank M. Coates, Jr., Baton Rouge, for Plaintiff-Appellee Carolyn L. Bonfanti.
Sam J. D'Amico, Baton Rouge, for Defendant-Appellant Mary C. Percy.
Before CARTER and PITCHER, JJ., and CRAIN, J. Pro Tem.[1]
PITCHER, Judge.
Mary C. Percy appeals the trial court's judgment, granting a motion for summary judgment in favor of plaintiff, Carolyn L. Bonfanti, finding that Mrs. Bonfanti was entitled to survivor's benefits and not required to account to the community for receipt of these survivor's benefits. We affirm.

FACTS AND PROCEDURAL HISTORY
Carolyn L. Bonfanti (Mrs. Bonfanti) and A.J. Bonfanti (decedent) were married on August 17, 1968, and remained married until the death of Mr. Bonfanti on February 6, 1994. No children were born of the marriage. According to his olographic will, Mr. Bonfanti's community property was disposed of through a bequeath of one-third of his residuary interest in the community property to his mother, Mary C. Percy (Ms. Percy), and the remaining two-thirds of his residuary interest in the community property to Mrs. Bonfanti.[2]
At the time of his death, Mr. Bonfanti was employed as an attorney with the Louisiana Department of Transportation and Development (DOTD) and had over twenty years of creditable service with DOTD. Since September 6, 1972, and up until the time of his death, Mr. Bonfanti was a member of the Louisiana State Employees' Retirement System. Mrs. Bonfanti was named as the beneficiary of Mr. Bonfanti's retirement benefits. After Mr. Bonfanti's death, the Louisiana State Employees' Retirement System began paying Mrs. Bonfanti survivor's benefits in the amount of $1,879.73 per month, in accordance with LSA-R.S. 11:475.
On October 5, 1994, Mrs. Bonfanti filed a petition for declaratory judgment, naming Ms. Percy as the defendant. In her petition for declaratory judgment, Mrs. Bonfanti sought a judgment, declaring the following: (1) that she was entitled to the survivor's benefits and (2) that the survivor's benefits did not constitute a community asset for probate purposes under Louisiana law. Mrs. Bonfanti also sought a judgment, declaring that she (Mrs. Bonfanti) was not required to account to the community for the funds received as survivor's benefits.
On November 2, 1994, Ms. Percy filed an answer, alleging that the "pension fund" constituted a community asset and that she was properly asserting a claim against decedent's estate for one-third of decedent's one-half interest in the retirement fund. In her answer, Ms. Percy further alleged that Mrs. Bonfanti was accountable to Ms. Percy's claim arising from the bequest in decedent's will.
Mrs. Bonfanti filed a motion for summary judgment on November 4, 1994. In this motion for summary judgment, Mrs. Bonfanti asserted that Ms. Percy had no right to the survivor's benefits, nor was she (Mrs. Bonfanti) required to account from other property owned by her for the monthly payments of survivor's benefits.
A hearing on the motion for summary judgment was held on December 5, 1994. Following the hearing, the trial court granted the motion for summary judgment in favor of Mrs. Bonfanti. The trial court held that Mrs. Bonfanti was entitled to the survivor's benefits and not required to account to the community on receipt of the survivor's benefits. Ms. Percy now appeals.

SUMMARY JUDGMENT
It is well settled that the granting of a summary judgment is proper only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine *417 issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Lewis v. Diamond Services Corporation, 93-1150, p. 5 (La.App. 1st Cir. 5/20/94), 637 So.2d 825, 828, writ denied, 94-1638 (La. 10/14/94), 643 So.2d 159. The burden is upon the mover for summary judgment to show that no genuine issues of material fact exist, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Ledet v. Quality Shipyards, Inc., 615 So.2d 990, 992 (La.App. 1st Cir.1993).
Summary judgments are not favored, and reasonable doubt should be resolved against the mover. In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. O'Quinn v. Power House Services, Inc., 633 So.2d 707, 710 (La.App. 1st Cir.1993).

SURVIVOR'S BENEFITS
Ms. Percy contends that the trial court erred in holding that the survivor's benefits received by Mrs. Bonfanti were not a community asset and subject to her claim of one-third of Mr. Bonfanti's one-half interest in the retirement fund.
This court has held that a spouse's right to receive an annuity, lump-sum benefit, or other benefits payable by a retirement plan is, to the extent attributable to his employment during the community, an asset of the community. Johnson v. Johnson, 532 So.2d 503 (La.App. 1st Cir.1988).[3] Therefore, we must determine whether the payment of survivor's benefits to a member's spouse by the retirement plan is the same as the member spouse's right to receive retirement benefits, such that the survivor's benefits should also be considered a community asset subject to a legatee's bequeathment of an interest in the community property.
The case of In the Matter of Succession of Sims, 464 So.2d 991 (La.App. 1st Cir.), writs denied, 467 So.2d 532, 541 (La.1985), addresses an issue similar to the one before us. In Sims, the former wife of Winston H. Sims, a federal employee, brought an action against the employee's succession and the employee's surviving spouse, seeking to recover her community property interest in the retirement plan from the surviving spouse's survivor annuity.[4] At the time of his death, Mr. Sims was still employed and had not applied for nor was receiving retirement benefits.
This court, in Sims, addressed the issue of whether the former wife was entitled to recover her one-half interest in Mr. Sims' contributions to the retirement system during the existence of the community from the surviving spouse's annuity. In addressing this issue, the court interpreted the applicable federal statutes and regulations and said:
The foregoing statutes and regulations make it clear that the terms `retirement annuity' or `retirement benefit' are not synonymous with `survivor annuity'. A retirement benefit or annuity is based on five or more years of creditable service and an attained age specified by statute. No retirement benefit or annuity can be paid the individual who was employed by the federal government until he/she is separated from service and only then if the former employee applies for the benefit. In contrast, a survivor annuity, in the case of a surviving spouse, is based on a minimum of 18 months of service by the deceased employee and marriage to the deceased employee `at least 1 year immediately before... death'. 5 U.S.C.A. Sec. 8341(a) and (d).
In the Matter of Succession of Sims, 464 So.2d at 997. This court, therefore, found that only a survivor annuity was authorized and was being paid to the surviving spouse under the applicable law as applied to the facts. In Matter of Succession of Sims, 464 *418 So.2d at 998. Moreover, this court also found that "[f]ederal statutes and regulations do not provide for the divisibility of a `survivor's annuity' for the simple reason that a deceased employee can have but one `surviving wife' or `surviving husband'." In the Matter of Succession of Sims, 464 So.2d at 998.
In Sims, this court also reviewed the legislative history of the applicable provisions and determined it was abundantly clear that the apportionment of survivor annuities was not contemplated. We pointed out that federal statutes and regulations that govern the survivor's annuity prohibit the assignment of the survivor's annuity or the survivor's annuity being subject to execution, levy, attachment, garnishment, or other legal process, except as may be provided by Federal law.[5] Based upon these findings, we held that neither the survivor annuity being paid to decedent's surviving spouse nor the surviving spouse, individually, was subject to any claim by Mr. Sims' former wife.
Unlike Sims, Mr. Bonfanti's retirement plan is governed by state law. In contrast to Sims, Ms. Percy, a legatee, is claiming an interest in the survivor's benefits of the spouse based upon her bequeathment of a one-third interest in Mr. Bonfanti's one-half interest in community property. Although the instant case is factually distinguishable from the Sims case, we believe that the same analysis can be used in resolving the issue before us. Clearly, the state statutes governing Mr. Bonfanti's retirement plan do not consider survivor's benefits and retirement benefits to be synonymous.
Under the state retirement system, the survivor's benefits that Mrs. Bonfanti is entitled to are defined in LSA-R.S. 11:475A[6], and captioned "Surviving spouse without minor child". According to LSA-R.S. 11:475, the surviving spouse shall receive a monthly allowance equal to fifty percent of the deceased member's average monthly compensation or two hundred dollars per month, whichever is greater. However, two conditions must be met in order for the surviving spouse to receive these survivor's benefits.
Under this provision, the two conditions that must be met are: 1) the surviving spouse must have been married to the deceased member for at least two years prior to the death of the member; 2) the surviving spouse is entitled to these benefits if the deceased member either had at least ten years of creditable service at least two years of which were earned immediately prior to his death, and at the time of death, the deceased member was in state service, or the deceased member had twenty years or more of service credit regardless of when earned and whether the deceased member was in state service at the time of death.
In contrast, retirement benefits are payable to the member who is eligible for retirement based upon his years of creditable service and an attained age set forth in LSA-R.S. 11:441.[7] Additionally, the member must also file an application for retirement. LSA-R.S. 11:442.[8] According to LSA-R.S. *419 11:442B, the retirement benefits do not become effective until the application for retirement is filed in the office of the board or the day after the member terminates from state service, whichever is later. Clearly, under the state provisions, retirement benefits and survivor's benefits are not one in the same.
In the instant case, Mr. Bonfanti was still employed with DOTD at the time of his death. Prior to Mr. Bonfanti's death, no retirement benefits were being paid to him because he had not separated from state service with DOTD, in accordance with LSA-R.S. 11:442. Following Mr. Bonfanti's death, Louisiana State Employees' Retirement System began paying survivor's benefits to Mrs. Bonfanti. Clearly, Mrs. Bonfanti is the only person entitled to these survivor's benefits since she is the designated survivor under the relevant statutory provision.
In reviewing the legislative history of survivor's benefits, House Bill No. 134, Act No. 21 of the 1956 Legislative Session originally enacted the provisions governing the qualifications and receipt of survivor's benefits. The purpose of Act No. 21 was stated as providing "benefits to the surviving widow or dependent widower or children of any deceased member of the said Retirement System under certain conditions...." See House Bill No. 134, Act No. 21 of the 1956 Legislative Session. Undoubtedly, the legislature did not envision that these benefits would be given to any individual other than those specifically designated by the statutory provision. We believe that the legislature intended that these survivor's benefits would ensure that family members were not left destitute upon the death of a member of the retirement system.
In addition, under LSA-R.S. 11:405, survivor's benefits are exempt from levy and sale, garnishment, attachment, or any other process except as provided in LSA-R.S. 11:292, and is unassignable. Without a doubt, the legislature did not contemplate that these survivor's benefits would be apportioned except as expressly provided for by the legislature. The only apportionment of these survivor's benefits permitted by statute is set forth in LSA-R.S. 11:475B.[9] Under this provision, only the major children of a previous marriage are entitled to a proportion of the survivor's benefits under LSA-R.S. 11:475A. This provision is silent as to providing any other type of apportionment of these survivor's benefits. Therefore, we believe that the legislature did not intend that any persons other than the surviving spouse and if directed by the member, the major children of a prior marriage share in the survivor's benefits established in LSA-R.S. 11:475A.
Thus, we find that the trial court was correct in granting the motion for summary judgment, holding that Mrs. Bonfanti was entitled to the survivor's benefits and not required to account to the community on account of receipt of these benefits.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Mary C. Percy.
AFFIRMED.
NOTES
[1] Judge Hillary Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Through Mr. Bonfanti's will, he disposed of his separate property by a bequeath of all of his separate property, which he had inherited or brought into his marriage with Mrs. Bonfanti, to his mother, Ms. Percy.
[3] We note that this principle has been applied in instances in which a former spouse seeks her interest in the community property, including benefits payable by a retirement plan that existed during the former spouse's marriage.
[4] The former wife had previously obtained through litigation that dissolved the community property a judgment, entitling her to a "declaration at this time of her interest attributable to the community of any such (retirement) payments, if and when they become due in the future."
[5] We note that this court also held that the state property laws in conflict with federal statutes and regulations are pre-empted by those federal statutes and regulations, such that federal statutes and regulations pre-empted Louisiana's community property laws.
[6] LSA-R.S. 11:475 provides, in pertinent part, as follows:

A. A surviving spouse without minor child shall receive a monthly allowance equal to fifty percent of the deceased member's average monthly compensation or two hundred dollars per month, whichever is greater, provided the deceased member either had at least ten years of creditable service at least two years of which was earned immediately prior to death and was in state service at the time of death or had twenty years or more of service credit regardless of when earned and whether the deceased member was in the state service at the time of death. In either case the surviving spouse must have been married to the deceased member for at least two years prior to the death of the member.
[7] LSA-R.S. 11:441 provides, in pertinent part, as follows:

A. Any member shall be eligible for retirement if he has:
(1) Thirty years or more of service, at any age.
(2) Twenty-five years or more of service, at age fifty-five or thereafter.
(3) Ten years or more of service, at age sixty or thereafter.
[8] LSA-R.S. 11:442 provides, in pertinent part, as follows:

A. An application for retirement shall be considered officially filed with the board when received in the office of the director.
B. Retirement benefits shall become effective as of the date the application for retirement is filed in the office of the director or the day after the member terminates from the state service, whichever is later.
[9] LSA-R.S. 11:475B provides as follows:

B. When a married member has major children of a prior marriage and no minor children of the present marriage that member may direct that the retirement system in writing to divide the benefit established in Subsection A of this Section between the member's current spouse and the children of the prior marriage on a pro rata basis with the interest of the current spouse based on the ratio of the length of the current marriage to the total state service of the member.