907 So.2d 787 (2005)
Janet F. VICKNAIR
v.
FIREFIGHTERS' PENSION AND RELIEF FUND OF NEW ORLEANS, et al.
No. 2005-C-0467.
Court of Appeal of Louisiana, Fourth Circuit.
June 15, 2005.
Rehearing Denied July 29, 2005.
William H. Cook, Jr., New Orleans, LA, for Plaintiff/Relator.
Nancy Picard, Maria C. Cangemi, Robein, Urann & Lurye, Metairie, LA, for Defendant/Respondent.
(Court composed of Judge CHARLES R. JONES, Judge DAVID S. GORBATY, and Judge ROLAND L. BELSOME).
CHARLES R. JONES, Judge.
The Relator, Janet Vicknair, files an Application for Supervisory Writ to review a *788 district court judgment rendered on February 18, 2005, which denied the Relator's Rule for Mandamus & Contempt to enforce an earlier judgment rendered by the district court. We grant the Relator's Writ of Mandamus application, and deny the writ application on the dismissal of the Rule for Contempt.
The Relator in the instant case is the former wife of a fire fighter and is attempting to collect her apportioned community property interest in her former husband's retirement benefits. Upon divorce and partition of community property, the Relator was awarded a 19.42% interest in her former husband's retirement from the Firefighters' Fund. The former husband subsequently remarried, and when he died, the court ordered that this same percentage be deducted from the current spouse's payments for survival benefits. A ruling by the district court on February 18, 2005, effectively reversed this community property award, denying Janet Vicknair the opportunity to collect her share of her former husband's retirement, and leaving the Relator with no present or future benefits.
The 19.42% interest in Gary's retirement was converted to a dollar amount to be paid each month throughout Janet's lifetime by judgment of April 29, 2004. Gary's retirement check was reduced by this amount each month, and the money was issued to the Relator in satisfaction of the judgment partitioning the community. The payments were not affected by Gary's remarriage, but were terminated at his death.
Thereafter, the Relator returned to court and obtained a judgment, which established her community property right in a portion of the survivorship benefits paid to Martzell Vicknair, the wife to whom Gary Vicknair was married at the time of his death. Consequently, each month Martzell's survivor benefits were reduced by 19.42%, which was paid to Janet in satisfaction of her community property interest. In December 2004, Martzell Vicknair died and the Firefighters' Fund (FFF) again terminated their monthly payments to Janet Vicknair. Janet Vicknair objected to the termination of her payments and filed a rule for mandamus and contempt against the FFF. Following a hearing the district court denied the rule for mandamus and contempt against the FFF in its judgment of February 18, 2005.

DISCUSSION
The Louisiana Civil Code Article 2336 establishes each spouse's ownership of a present undivided one-half interest in community property, and article 2338 defines the community as property acquired during the legal regime through the effort, skill or industry of either spouse. The legal regime is terminated by judgment of divorce, as per article 2356, and once terminated, article 2369.2 grants each spouse ownership of an undivided one-half interest in former community property and its fruits.
These articles clearly establish Janet Vicknair's right to share in the retirement benefits of her former spouse, once the marriage ended in divorce and the legal regime terminated. During the time that Janet and Gary were married, Janet acquired a legal right to one-half of the portion of Gary's retirement benefits that accrued during their marriage. Upon termination of the legal regime, their community was partitioned and the court determined that Janet was entitled to a specific percentage of Gary's retirement payments, and that these payments were to be made to her each month throughout her lifetime.
In accordance with the court order, the Firefighters' Fund made monthly payments to Janet Vicknair for her apportioned *789 share of the retirement, just as it made monthly payments to Gary Vicknair. In Sims v. Sims, 358 So.2d 919 (La.1978) the court states that "The community's dissolution before such date (date of retirement) does not substitute for the employee's retirement (or separation or death) as the event which fixes the employer's liability and which causes payments to become due. When they do become due, however, so as then to have a determinate value, the non-employed spouse is entitled to receive the proportion of them recognized by this judgment as attributable to the other spouse's employment during the existence of the community." Id. at 924.
Soon after, the court order and payments by the fund to Janet of her share of apportioned retirement benefits, Gary Vicknair died and the Firefighters' Fund decided to award survival benefits to the current spouse, Martzell Vicknair. The district court then changed Janet Vicknair's community property interest in Gary's retirement to a deduction from Martzell Vicknair's survival payments. It would have been more appropriate for the district court to have ordered the FFF to continue the payments as previously ordered, and for Janet Vicknair to then apply to the FFF for her portion of survivorship payments, since the court's have determined that survivorship rights in a pension fund are indeed a right to or interest in the pension fund. See Herrington v. Skinner, 93-1556 (La.App. 3 Cir. 6/1/94), 640 So.2d 748. Further, the First Circuit has recognized that any survivor benefits payable to an ex-spouse by the other ex-spouse's retirement plan are an inextricable part of the retirement plan, and are thus also assets of the community. Heck v. Heck, 98-1226 (La.App. 4 Cir 12/29/98), 728 So.2d 483, 487 quoting from Ordoyne v. Ordoyne, (La.App. 1 Cir 4/7/95), 653 So.2d 839, 841.
The dispositive issue herein is whether the district court erred by substantively changing by interpretation or amending the final judgment of April 29, 2004, in its judgment of February 18, 2005. In the judgment dated February 18, 2005, the court linked Janet's community property rights to Martzell's survival benefits.
Survivor benefits payable by the employee's retirement plan, to the extent attributable to the community, are an asset of the community, therefore, community property principles should be applied to survivor benefits, just as they are applied to retirement benefits. Thus, unless specifically provided for otherwise by the legislature, any benefit payable by a retirement plan, to the extent attributable to the community, is an asset of the community. Johnson v. Wetherspoon, 96-0744 (La.5/20/97), 694 So.2d 203.
Accordingly, it is clear that the former spouse, Janet Vicknair, retains her community property right to a one-half interest, accrued during the period of the marriage, in Gary Vicknair's retirement benefits from the Firefighters' Fund. It is also clear that when the member spouse, Gary Vicknair, died, the retirement benefits triggered the payment of, and were replaced by survivor benefits, which were subject to any claim made by a former spouse in community, to the extent attributable to the community. Janet Vicknair is now entitled to have her community property interest satisfied by payments from the survivor benefits, which the courts have long recognized as an asset of the community.
Therefore, considering the Relator's Writ of Mandamus application and Rule for Contempt, we find that the district court erred in determining that the Relator's entitlement to her community property assets is dependent upon the survivors benefits. Accordingly, we vacate the February *790 18, 2005 judgment, as it relates to the Writ of Mandamus, and grant the writ. Thus, the FFF is ordered to reinstate benefits to the Relator retroactively. It is further ordered that the writ application as to the district court dismissing the Rule for Contempt is DENIED. All costs are assessed to the Firefighters' Fund.
WRIT OF MANDAMUS GRANTED; RULE FOR CONTEMPT DISMISSED.