938 So.2d 782 (2006)
LOUISIANA STATE EMPLOYEES' RETIREMENT SYSTEM (LASERS)
v.
Jane McWILLIAMS, Joelle McWilliams, and Dianne (McWilliams) Sanders.
No. 2005 CA 0938.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
Rehearing Denied August 1, 2006.
*783 Lila Tritico Hogan, Hammond, Counsel for Substitute Defendant/Appellant Richard Sanders, Substitute Party for Dianne (McWilliams) Sanders.
Jonathan R. Schmidt, Hammond, Counsel for Defendant/Appellee Jane McWilliams.
Joelle McWilliams, Baton Rouge, Defendant/Appellee In Proper Person.
Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
GAIDRY, J.
The issue in this case is the distinction between survivor and retirement benefits paid under the Louisiana State Employees' Retirement System. For the following reasons, we reverse.

FACTS AND PROCEDURAL HISTORY
Joel and Dianne McWilliams were married on April 26, 1969. On January 10, 1972, Joel began employment with the State of Louisiana. The McWilliams's community property regime terminated on *784 June 15, 1987, and the parties were divorced on October 12, 1987. A December 15, 1989 judgment of the 21st Judicial District Court recognized Dianne's interest in Joel's Louisiana State Employees' Retirement System (LASERS) plan, and stated that her "interest . . . shall be calculated as follows when and if he retires, terminates employment, or dies." On September 15, 1987, Joel completed a LASERS "Change of Beneficiary" form, naming his two daughters, Jodee and Joelle, as beneficiaries. Both Joel and Dianne eventually remarried. Joel completed another "Change of Beneficiary" form on June 18, 1997, naming his new wife, Jane McWilliams, as his beneficiary, and his daughters Jodee and Joelle as contingent beneficiaries. On August 25, 1998, a second judgment was rendered by the 21st Judicial District Court which amended the 1989 judgment to provide that the portion of Joel's retirement/pension attributable to creditable service during the community was 217 months, 20 days.[1] Joel died on May 24, 2003. At the time of his death, Joel was still employed by the State. After his death, Dianne, Jane, and Joelle each filed a claim for benefits with LASERS, and LASERS invoked a concursus proceeding.
After taking the matter under advisement, Judge Wilson Fields ruled that the Sims formula did not apply to the survivors' benefits and that survivors' benefits were owed only to the surviving spouse and minor child under La. R.S. 11:471. Judge Fields stated that he would not consider the judgments of the 21st Judicial District Court recognizing Dianne's interest in Joel's LASERS plan if and when he "retires, terminates employment, or dies" in ruling on Dianne's interest in the survivors' benefits. Judge Fields stated that "the court feels that it is not the proper court to interpret . . . the 21st J.D.C. ruling. . . . Either the 21st J.D.C. needs to revisit their ruling or take it up on appeal if one side or the other does not feel that that was an appropriate ruling."
Dianne[2] appealed this judgment, alleging that the trial court erred in distinguishing survivors' benefits from retirement benefits, refusing to give effect to the judgments of the 21st Judicial District Court recognizing Dianne's interest in Joel's plan when he dies, and in the alternative, refusing to award Dianne one-half of the community contributions made during her marriage to Joel. Jane McWilliams answered Dianne's appeal, seeking damages for a frivolous appeal.

DISCUSSION

Categorization of Survivor's Benefits
The primary issue in this case is whether the survivors' benefits to be paid by LASERS are an asset of the community that existed between Joel and Dianne McWilliams, such that Dianne would be entitled to a Sims portion of those benefits. Unless the legislature specifically provides otherwise, any benefit payable by a retirement plan, to the extent attributable to the community, is an asset of the community. Vicknair v. Firefighters' Pension and Relief Fund of New Orleans, 05-0467 *785 (La.App. 4 Cir. 6/15/05), 907 So.2d 787, 789. Since the survivors' benefits at issue in this case are payable by a retirement plan and would therefore be considered an asset of the community, we must determine if the legislature has provided to the contrary.
Survivors' benefits payable under LASERS are governed by La. R.S. 11:471. The statute lists three categories of individuals who may qualify to receive survivors' benefits: surviving minor children, surviving handicapped children, and surviving spouses.[3] The statute then sets forth a method of calculating survivors' benefits for each category of recipient. Individuals who qualify as survivors under the statute must furnish proof yearly or at such other times as the board of trustees may deem necessary that they are still legally entitled to survivors' benefits. La. R.S. 11:474.
A LASERS member is guaranteed, at a minimum, the return of his accumulated contributions, either in the form of a monthly benefit or a lump-sum refund. If a member dies with no qualified surviving spouse, surviving minor children, or surviving handicapped children, his accumulated contributions are refunded in a lump sum payment to his named beneficiary or his estate. La. R.S. 11:476. If he leaves qualified survivors, but survivors' benefits cease (for example, because the survivors are no longer qualified under the statute) before the total monthly benefits paid equal the total accumulated contributions of the member, LASERS will refund to the member's named beneficiaries or the beneficiaries' estates a lump sum equal to the difference between the total survivors' benefits paid and the total accumulated contributions. La. R.S. 11:475.
Given that the legislature has specified which categories of people may be qualified to receive survivors' benefitssurviving spouses and children of membersif they meet certain requirements, and did not include former spouses in community, it is clear that the legislature did not intend for survivors' benefits to be paid to former spouses in the same manner as retirement benefits. This court concluded in Bonfanti v. Percy, 95-1189 (La.App. 1 Cir. 4/6/96), 672 So.2d 415, 419, that survivors' benefits were intended to ensure that family members were not left destitute upon the death of a member, and the legislature clearly did not envision that these benefits would be given to any individual other than those specifically designated by the statute, noting that the act creating the provisions governing the qualifications for receipt of survivors' benefits stated that its purpose was providing benefits to the surviving spouse or children of a deceased member of the Retirement System under certain conditions. A judgment or private agreement cannot change these designations by the legislature.
While survivors' benefits are only payable under certain circumstances, the return of an amount equal to the total accumulated contributions is guaranteed. Thus, a former spouse in community is entitled to recoup her share of the accumulated contributions attributable to the community. If Joel McWilliams had been unmarried at the time of his death, or married for less than a year, with no minor or handicapped children, no benefits would have been payable under the plan at all. His accumulated contributions would simply have been refunded to his named beneficiary or to his estate, subject to a *786 claim by Dianne for her share of the community contributions. While Joel did leave survivors who are qualified for survivors' benefits, Dianne is nevertheless entitled to recoup her share of the accumulated contributions attributable to the community.
The parties stipulated at trial that the accumulated contributions attributable to the community between Joel and Dianne is $25,963.62, making Dianne's share $12,981.81. She is entitled to recoup this amount from LASERS.

Frivolous Appeal
Jane McWilliams alleges that Dianne's appeal is frivolous and asks this court to award damages for frivolous appeal, as authorized by Louisiana Code of Civil Procedure article 2164. "An appeal will not be deemed frivolous unless it is taken solely for delay, fails to raise a serious legal question, or counsel does not seriously believe in the proposition of law he is advocating." LaPoint v. Beaird Industries, Inc., 34,620 (La.App. 2 Cir. 5/9/01), 786 So.2d 301, 305. While we did not find that Dianne was entitled to a Sims portion of the survivors' benefits paid by LASERS, her appeal did have merit and was not frivolous.

CONCLUSION
For the above reasons, the judgment of the trial court is reversed, and LASERS is ordered to reimburse to Richard Sanders the amount of $12,981.81. Costs of this appeal are to be divided equally among Jane McWilliams, Joelle McWilliams, and Richard Sanders.
REVERSED AND RENDERED.
NOTES
[1] The court based this calculation on the period of creditable service during the community being April 26, 1969 through June 15, 1987. However, this was an error. April 26, 1969 was the date of the parties' marriage; Joel didn't begin his State employment until January 10, 1972. The correct period would have been January 10, 1972 through June 15, 1987.
[2] Dianne died while this appeal was pending, and a motion was filed in this court to substitute her husband, Richard Sanders, as a party. This motion was referred to the merits, and we grant the motion allowing Mr. Sanders's substitution as a defendant-appellant.
[3] Louisiana Revised Statutes 11:471(C) provides that for survivors' benefits to be payable to a surviving spouse, the surviving spouse must have been married to the deceased member for at least one year prior to his death.