JOAN BERNARD ARMSTRONG, Chief Judge.
hThe plaintiff-appellant, Janet Vicknair, appeals a judgment in favor of the defendant-appellee, the Firefighters’ Pension and Relief Fund of New Orleans (hereinafter referred to as the “FFF” consistent with the nomenclature employed in the previous opinion of this Court in the prior related reported writ disposition entitled, Vicknair v. Firefighters' Pension and Relief Fund of New Orleans, 05-0467 (La. App. 4 Cir. 6/15/05), 907 So.2d 787, dismissing the plaintiffs claim for attorney fees.
The plaintiff was divorced from Gary Vicknair, a retired New Orleans firefighter. On May 17, 1989, Gary Vicknair and Janet Vicknair entered into a consent judgment to partition community property which provided, inter alia, that the plaintiff would receive a lump sum amount to compensate her for past pension installments paid to Gary as well as 19.42% of all future retirement payments “due by separate check to Janet F. Vicknair, at her address.”
Gary Vicknair subsequently married Marzell Vicknair, a named co-defendant in the trial court, but not a party to this appeal. Upon Gary Vicknair’s death the retirement benefit to Gary Vicknair ceased and, of course, along with it, the 19.42% payable to plaintiff. However, upon Gary Vicknair’s death, his widow, | ¡Marzell Vick-nair, began receiving a widow’s benefit under La. R.S. ll:3378(A)(l)(c). The plaintiff made a claim contending that she was entitled to have the 19.42% applied to the widow’s benefit, which claim was rejected by the FFF. Subsequently, the FFF was forced to pay the plaintiffs 19.42% of the widow’s benefit pursuant to court order.
This arrangement continued until the widow, Marzell Vicknair, died in November of 2004, at which time the FFF again terminated the plaintiffs benefits. This litigation arose pursuant to a claim by the plaintiff contending that she was entitled to have the 19.42% of the widow’s benefit continued to be paid for her for life in spite of the fact that she was not the widow and the actual widow was now deceased. This claim was initially resisted by the pension fund, but the fund was eventually compelled to acquiesce pursuant to a Writ of Mandamus issued by this Court on June 15, 2005, Vicknair v. Firefighters’ Pension and Relief Fund of New Orleans, 05-0467 (La.App. 4 Cir. 6/15/05), 907 So.2d 787.
The plaintiff now brings this appeal to assert a claim for attorney fees under the following relevant portions of La. R.S. 11:3363.1, entitled, “Fiduciary and investment responsibilities.”
A. The following persons shall be deemed to be in a fiduciary relationship with the fund:
(1) Any person who exercises any discretionary authority or discretionary control with respect to the management of system funds or assets.
(2) Any person who renders investment advice or services for compensation, direct or indirect, with respect to system funds or assets.
* ⅜ ⅜
IsD. The basic duty of a fiduciary is to discharge his duties with respect to the *850 system in the exclusive interest of the members and beneficiaries.
E. A fiduciary must discharge his duties solely in the interest of system members and beneficiaries for the exclusive purpose of providing benefits to participants and beneficiaries, and paying the expenses of administering the plan.
F. (1) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this Part shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.
* ⅝ *
H. (1) A member, beneficiary, or survivor who can demonstrate a personal interest in this retirement system may bring civil action to enforce the proceedings of this Section. In any enforcement proceeding the plaintiff may seek and the court may grant any or all of the following forms of relief:
(a) A writ of mandamus.
(b) An injunction.
(c) A declaratory judgment.
(d) A judgment rendering certain actions of the board of trustees as void.
(e) A judgment awarding civil damages.
* * *
(3) If a person who brings an enforcement proceeding prevails, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may award him reasonable attorney fees or an appropriate portion thereof. If the court finds that the proceeding was of a frivolous nature and was brought |4with no substantial justification, it may award reasonable attorney fees to the prevailing party. [Emphasis added.]
The FFF’s opposition to the plaintiffs claim for attorney fees focuses on La. R.S. 11:3363.1 F which makes fiduciaries personally liable for losses to the FFF arising out of a breach of fiduciary duty. FFF makes the point that the plaintiff here is asserting a personal claim and personal claims are not covered by the La. R.S. 11:3363.1 F — claims for losses sustained by the fund itself, as opposed to claims of individual fund participants, are the only claims allowed by the statute according to the FFF.
The plaintiff, citing paragraphs “D” and “E”, contends that the fiduciary duties prescribed by La. R.S. 11:3363.1 are broader than those referred to in paragraph “F.”
The trial court in its reasons found that the plaintiff failed to assert any claim against any fiduciary personally. La. R.S. 11:3363.1 A, and 3363.1 B make it clear when read together that the references to fiduciaries in those and subsequent paragraphs (including La. R.S. 11:3363.1 H(3) providing for the recovery of attorney fees) refer not to the FFF, but to persons or legal persons acting in a fiduciary capacity in relation to the FFF. In other words, attorney fees are only recoverable, if at all, from fiduciaries individually, not from the pension fund (in this case the FFF) they serve.
As the trial court noted, the plaintiff has never asserted a claim against any fiduciary, i.e., no fiduciary has been named as a party to this litigation. Accordingly, the *851 plaintiff has failed to plead a claim for attorney fees cognizable under La. R.S. 11:3363.1.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.